IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERNESTO LYLE GALVEZ, Inmate #46617-008,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **CIVIL NO. 05-068-DRH** ) ) |
| **DARLENE A. VELTRI,** | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Federal Correctional Center in Greenville, Illinois, brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et.seq, challenging United States Bureau of Prisons regulations regarding placement in a Community Corrections Center at the end of his sentence. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

On January 19, 2005, Plaintiff filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the denial of his request to be confined in a Community Corrections facility for the last six months of his sentence. *See Galvez v. Veltri*, Case No. 3:05-cv-32 DRH (S.D. Illinois, filed January 19, 2005). The Court dismissed the petition, based on a recent Seventh Circuit opinion, *Richmond v. Scibana*, 387 F.3d 602 (7th Cir. 2004), which held that such claims were not cognizable in habeas, but must be brought as a challenge to the Bureau of Prisons rule under the APA. Plaintiff now brings the instant action, based on the same facts, under the APA.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants

**DARLENE A. VELTRI**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **DARLENE A. VELTRI**.  The Clerk shall also prepare a summons for the United States Attorney for the Southern District of Illinois and the Attorney General of the United States. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **DARLENE A. VELTRI** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, and on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  The Marshal shall also serve a copy of the Complaint, Summons, and this Order upon the United States Attorney for the Southern District of Illinois and upon the Attorney General of the United States at Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the

work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** August 31, 2005.

/s/     David RHerndon
**DISTRICT JUDGE**