IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ERNESTO LYLE GALVEZ,** )
)
Plaintiff, )
)
V. )        Civil No. **05-68-DRH**
)
**DARLENE A. VELTRI,** )
)
Defendant. )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), this Court makes the following Report and Recommendation regarding respondent's motion to dismiss the above-captioned action **(Doc. 7)**.

At the time plaintiff Galvez filed this action **(Doc. 1)** pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, he was an inmate in the Federal Correctional Center in Greenville, Illinois, serving a 41 month sentence.  Plaintiff challenges United States Bureau of Prisons ("BOP") regulations regarding placement in a community corrections center for the final months of his sentence.[1]  More specifically, plaintiff takes issue with the BOP's interpretation of 18 U.S.C. §§ 3621(b) and 3624(c), codified at 28 C.F.R. § 570.21 (effective Feb. 10, 2005).  The regulation, Section 570.21, prescribes that an inmate may be placed in pre-

---

[1]Plaintiff filed this action in an effort to ensure he would be sent to a community corrections center at the earliest possible time.  Defendant has provided documentation indicating plaintiff was ultimately sent to a community corrections center in Arizona, and that he has since been released on supervision.  **(See Doc. 7-2).**  Mail sent to the plaintiff from the Court has repeatedly been returned, and plaintiff has not notified the Court of a change of address.

1

release community confinement during the last ten percent of their sentence, not to exceed six months– which means the ten percent mark triggers eligibility for transfer.   Plaintiff asserts that a prisoner should be entitled to spend the last six months of his or her sentence in community confinement, regardless of the percent of the sentence that may be.  In plaintiff's situation, the difference in interpretation is the difference between being placed in community confinement for six months, versus about four months.  Plaintiff also contends the regulation is "illegal" because it was not published for public comment, as required by the APA. (***See* 5 U.S.C. § 553).**

Defendant now moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on three grounds:

1.      Failure to exhaust administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a);

2.      Mootness, in that plaintiff was transferred to a community confinement center in August 2005, and has since been released from imprisonment; and

3.      Lack of merit, in light of the August 18, 2004, publication of the regulation and invitation for comment, in accordance with 5 U.S.C. §§ 553(b) and (d).

**(Doc. 7).**

Plaintiff has not filed a response to the subject motion, despite a notice regarding the need for a response being sent to plaintiff's address of record, FCI-Greenville, and an address in Arizona provided to the Clerk of Court by the prison.  **(Docs. 8 and 10).**  Both notices were returned as undeliverable.  **(Docs. 9 and 11).**

2

## Analysis

### Applicable Legal Standard

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as the motion constituted defendant's responsive pleading. Rule 12(b) dictates that if matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as a motion for summary judgment and disposed of in accordance with Federal Rule of Civil Procedure 56, which pertains to motions for summary judgment.  Therefore, the Rule 56 standard will be applied.

Because the Court is considering additional documentation beyond the complaint, plaintiff may submit additional materials in connection with his response to this Report and Recommendation.  *See* **Fed.R.Civ.P. 12(b) and 56.**  If, after reviewing any additional materials submitted in response to this report and recommendation, U.S. District Judge David R. Herndon determines that additional consideration by this Court is warranted, he will surely remand the matter for further consideration by the undersigned Magistrate Judge.

### Address of Record

As a preliminary matter, this Court notes that it is plaintiff's responsibility to keep the Court informed of his current address.  A federal district court possesses the inherent authority to dismiss an action for want of prosecution which it may exercise on its own motion when necessary to maintain the orderly administration of justice.  ***Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980); *see also* Fed.R.Civ.P. 5(b)(2)(B) and 41(b).**

In light of plaintiff's failure to keep the Court apprised of his current address, dismissal of this case without prejudice, for want of prosecution is appropriate.

3

**Exhaustion**

The Court of Appeals for the Seventh Circuit held in *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999), that exhaustion of administrative remedies, while not jurisdictional per se, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required before a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a);** *Perez***, 182 F.3d at 534-37; and** *Booth v. Churner***, 532 U.S. 731, 739 (2001).** "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman***, 196 F.3d 727, 735 (7th Cir. 2000).** The Court of Appeals for the Seventh Circuit more recently confirmed the exhaustion requirement in *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006). The exhaustion requirement applies to actions under the APA. *Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004).**

The BOP has established procedures for inmates to grieve any aspect of their confinement. *See* **28 C.F.R. § 542.10-542.18.** Basically, a written administrative remedy request is submitted initially to a correctional counselor or other designated prison staff member; if the inmate is dissatisfied with the warden's final decision, an appeal is filed with the regional director; the next and final level of appeal is the general counsel in Washington, D.C. By regulation, the administrative requests for remedy are tracked via computer.

Defendant has produced documentation indicating that in January 2005, approximately one week before filing the above-captioned action, plaintiff Galvez filed a grievance requesting

six months in a community corrections center.  **(Doc. 7-2, p. 11 (Remedy ID 365052-F1)).**

After that grievance was denied by the warden, plaintiff appealed to the regional director, who

denied the appeal February 25, 2005.  **(Doc. 7-2, p. 12 (Remedy ID 365052-R1)).**  As of January

19, 2006, there is no record of plaintiff filing the required final appeal to the general counsel,

which by regulation must be filed within 30 calendar days of the date the rejection was signed.

Therefore, it is clear that plaintiff has failed to exhaust all available administrative remedies;

accordingly, this action was filed prematurely and should be dismissed without prejudice

pursuant to 42 U.S.C. § 1997e(a).

### Mootness

> To qualify for adjudication in federal court, "an actual controversy must
> be extant at all stages of review, not merely at the time the complaint is filed."
> *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137
> L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct.
> 2330, 45 L.Ed.2d 272 (1975)). . . .  A case "is moot when the issues presented are
> no longer 'live' or the parties lack a legally cognizable interest in the outcome."
> *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265
> (2000) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct.
> 1379, 59 L.Ed.2d 642 (1979)).

*Qureshi v. Gonzales*, 442 F.3d 985, 988 (7th Cir. 2006).

The complaint seeks a declaration that the BOP policy is illegal and invalid, as well as

authorization  for plaintiff Galvez's transfer to a community corrections center.  **(Doc. 1, p. 3).**

Plaintiff not only has already been transferred to a community corrections center, he has been

released from imprisonment entirely.  **(Doc. 7-2, p. 1).**  The issue raised by plaintiff is moot

because there is no reason to believe the issue raised in this case will be repeated relative to

plaintiff, and since he is not an inmate, he has no standing to represent inmates in general.  ***See***

***Brown v. Bartholomew Consolidated School Corp.*, 442 F.3d 588, 598 (7th Cir. 2006); and**

5

*Stotts v. Community Unit School District No. 1*, 230 F.3d 989, 990 (7th Cir. 2000).  Therefore, this Court lacks jurisdiction and the action should be dismissed as moot.

### The Merits of the Validity of the BOP Regulation

In light of the aforementioned procedural and jurisdictional flaws, the merits plaintiff's arguments regarding the validity of 28 C.F.R. § 570.21.  In the event the District Court does not adopt this Court's recommendation that this action be dismissed without prejudice, the District Court can recommit the matter for an additional report and recommendation.

### Recommendation

For the aforestated reasons, this Court recommends that the defendant's motion to dismiss **(Doc. 7)** be granted and plaintiff Ernesto Lyle Galvez's action be dismissed without prejudice due to his failure to exhaust administrative remedies, and in light of the fact the issues raised and relief sought are now moot.   In addition, plaintiff's failure to keep the Court apprised of his current address warrants dismissal of this case without prejudice, for want of prosecution.

**DATED:  June 20, 2006**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**

### Notice of Opportunity to Present Additional Material

Plaintiff's failure to respond to defendant's motion to dismiss may, at the District Court's discretion, be construed as an admission of the merits of the motion.  **Local Rule 7.1(c).** However, pursuant to Federal Rule of Civil Procedure 12(b), since this Court has considered materials outside the pleadings and treated the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56, in responding to this report and recommendation the parties may submit all material made pertinent to the motion.

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **July 10, 2006**.